UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORREY PINES LOGIC, INC.,<br><br>        Plaintiff, Counterdefendant,<br><br>v.<br><br>GUNWERKS, LLC,<br><br>        Defendant, Counterclaimant. | Case No.: 19-cv-02195-H-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE; AND**<br><br>**(2) DENYING MOTION TO QUASH DEPOSITION SUBPOENA WITHOUT PREJUDICE**<br><br>[Doc. No. 90.] |

On October 27, 2020, the parties filed a joint motion for determination of a discovery dispute. (Doc. No. 90; see Doc. No. 29 at 2 ¶ 1.)  In the joint filing, Plaintiff Torrey Pines Logic, Inc. ("TPL") moves to quash a deposition subpoena that Defendant Gunwerks, LLC ("Gunwerks") served on TPL's trial counsel, Mr. Carl E. Bruce. (Doc. No. 90 at 3.)

Gunwerks explains that it seeks to depose Mr. Bruce regarding his involvement in a June 21, 2018 assignment agreement between Plaintiff TPL and Mr. Forrest Babcock. (Id.) Specifically, Gunwerks seeks to depose Mr. Bruce regarding certain conversations that he allegedly had with Mr. Babcock in 2018 regarding the assignment agreement. (Id.)

1  Gunwerks argues that it should be permitted to depose Mr. Bruce regarding these matters
2  because the June 21, 2018 assignment agreement is central to TPL's two claims in this
3  action.  (Id.; see Doc. No. 1 Compl. ¶¶ 14, 32, 36, 39-42, Ex. 3.)
4        In response, TPL argues that Gunwerks has failed to make the extraordinary showing
5  required to compel a deposition of a party's trial counsel.  (Doc. No. 90 at 3.)  Specifically,
6  TPL argues that Gunwerks cannot show that no other means exist to obtain the information
7  it seeks because Gunwerks was able to depose Mr. Babcock regarding the conversations at
8  issue.  (Id.)
9        Under Federal Rule of Civil Procedure 45, "on timely motion, the court for the
10 district where compliance is required must quash or modify a subpoena that . . . requires
11 disclosure of privileged or other protected matter . . . or subjects a person to undue burden."
12 FED. R. CIV. P. 45(d)(3)(A)(iii)–(iv).  "As a general matter, the scope of discovery
13 available through a Rule 45 subpoena is the same as the scope of discovery permitted under
14 Rule 26(b)."  In re Andre, No. 19-MC-80266-VKD, 2019 WL 6699958, at *3 (N.D. Cal.
15 Dec. 9, 2019) (citing Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment);
16 accord Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., No. 16CV06370EJDVKD, 2018
17 WL 3845984, at *2 (N.D. Cal. Aug. 13, 2018).  Under Rule 26(b)(1), "[p]arties may obtain
18 discovery regarding any nonprivileged matter that is relevant to any party's claim or
19 defense and proportional to the needs of the case, considering the importance of the issues
20 at stake in the action, the amount in controversy, the parties' relative access to relevant
21 information, the parties' resources, the importance of the discovery in resolving the issues,
22 and whether the burden or expense of the proposed discovery outweighs its likely benefit."
23 Fed. R. Civ. P. 26(b)(1).
24       "Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence
25 prohibit the taking of attorney depositions."  Stevens v. Corelogic, Inc., No. 14CV1158
26 BAS (JLB), 2015 WL 8492501, at *1 (S.D. Cal. Dec. 10, 2015); see Fed. R. Civ. P. 30 ("A
27 party may, by oral questions, depose any person . . . .").  "However, courts have recognized
28 the deposition of an opposing party's counsel can have a negative impact on the litigation

process and these depositions are therefore discouraged." Stevens, 2015 WL 8492501, at *1 (citing Am. Cas. Co. of Reading, Pa. v. Krieger, 160 F.R.D. 582, 587 (S.D. Cal. 1995); Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986)); see also Optronic Techs., 2018 WL 3845984, at *2 ("Courts carefully scrutinize requests to obtain discovery from an adversary's counsel, in part, because of concerns that such discovery implicates communications between the adversary and its attorneys or might be used to harass an adversary's counsel.").

Although the Ninth Circuit has not set forth a standard for analyzing whether to permit the deposition of counsel in a pending litigation, district courts within the Ninth Circuit have routinely utilized the three-part test set forth in the Eight Circuit's decision in Shelton v. American Motors Corp. See Stevens, 2015 WL 8492501, at *1 ("[C]ourts in this district and elsewhere in the Ninth Circuit recognize Shelton as the leading case on attorney depositions and follow the three-factor test laid out in the case."); Andre, 2019 WL 6699958, at *2 ("[D]istrict courts in the Ninth Circuit and elsewhere have generally adopted the approach described in Shelton for assessing whether to permit the deposition of opposing counsel."). Under the Shelton test, "the party seeking the deposition" must demonstrate that: "'(1) no other means exist to obtain the information than to depose opposing counsel[;]' '(2) the information sought is relevant and nonprivileged;' and '(3) the information is crucial to the preparation of the case.'" Epicentrx, Inc., v. Carter, No. 20CV1058-TWR-LL, 2020 WL 6158939, at *2 (S.D. Cal. Oct. 20, 2020) (quoting Shelton, 805 F.2d at 1327). But district courts have clarified that "the Shelton analysis applies only where the discovery sought concerns matters relating to counsel's representation of a litigant in the current litigation. It does not apply to discovery of facts known to counsel as a percipient witness relating to matters that preceded the litigation."[1] Andre, 2019 WL

---

[1] This distinction is based on a subsequent Eight Circuit case where the Eighth Circuit clarified the applicability of the Shelton test. See Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 730 (8th Cir. 2002). In Pamida, the Eight Circuit explained:

6699958, at *2; see, e.g., Epicentrx, 2020 WL 6158939, at *3 ("While the Court is mindful that the concerns set forth by the Eighth Circuit in Shelton over deposing counsel are still present, these concerns are less pronounced where the subject matter of the deposition is [counsel]'s knowledge of events occurring during a prior concluded matter."); Optronic Techs., 2018 WL 3845984, at *2 ("[I]n this case Orion does not seek discovery from defendants' litigation counsel about matters in the pending litigation.  Instead, Orion seeks only non-privileged communications between Ningbo Sunny and Sunny Optics' transactional counsel and third parties about a transaction that has concluded.  Concerns about abuse of the discovery process are not implicated in these circumstances."); ATS Prod., Inc v. Champion Fiberglass, Inc., No. 13-CV-02403-SI (DMR), 2015 WL 3561611, at *6 (N.D. Cal. June 8, 2015); United States v. Philip Morris Inc., 209 F.R.D. 13, 17 (D.D.C. 2002).

This distinction is important because, here, Gunwerks does not seek to depose Mr. Bruce regarding matters related to his representation of TPL in the current litigation.  Rather, Gunwerks seeks to depose him as a percipient witness to communications that occurred in 2018 regarding the June 21, 2018 assignment agreement.  (Doc. No. 90 at 3.)  Those conversation well preceded this litigation.[2]  As such, the Shelton test does not apply.

---

> We held in Shelton that requiring the attorney to answer the questions posed to her regarding the existence of certain documents would require her to reveal her mental selective process . . .  The Shelton test was intended to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy.  Because this abuse of the discovery process had become an ever increasing practice, this Court erected the Shelton test as a barrier to protect trial attorneys from these depositions.  But Shelton was not intended to provide heightened protection to attorneys who represented a client in a completed case and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case was crucial.  In such circumstances, the protection Shelton provides to opposing counsel only applies because opposing counsel is counsel in the instant case and not because opposing counsel had represented the client [earlier].

Id.

[2] The Court notes that Gunwerks states that the conversations at issue occurred in 2018.  (Doc. No. 90 at 3.)  The present action was filed on November 18, 2019.  (See Doc. No. 1, Compl.)

See, e.g., Optronic Techs., 2018 WL 3845984, at *2 (finding that the Shelton test did not apply because although the plaintiff sought discovery from defendant's trial counsel, the requested discovery sought only non-privileged communications between defendant's counsel and third parties regarding a prior transaction that had concluded).

As such, the Court analyzes the present discovery request under the general standard set forth in Rule 26(b)(1), and TPL has failed to show that the requested deposition would be improper under that standard.  TPL does not dispute that the requested discovery is relevant to its claims in this action, and TPL does not assert that Gunwerks's deposition request requires the disclosure of privileged matters.  Further, the Court notes that Gunwerks has attempted to obtain the discovery at issue through other means by first deposing Mr. Babcock about the 2018 communications, but Gunwerks asserts that Mr. Babcock's recollection was not complete as to those communications.  As a result, the Court denies TPL's motion to quash the deposition subpoena without prejudice.

**IT IS SO ORDERED.**

DATED: October 29, 2020

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT